KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| VANESSA AOUN, Individually, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CITY OF LAS VEGAS, a Nevada municipality, DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

## COMPLAINT
## Jury Trial Demanded

COMES NOW, the Plaintiff, VANESSA AOUN, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1. Plaintiff, VANESSA AOUN, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, CITY OF LAS VEGAS, is a Nevada organized municipality and legal entity existing in Nevada and did so operate and exist herein during all events complained of in this action.

3. Defendant named herein is an employer within the jurisdictional coverage the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act; as well as under Nevada's anti-discrimination statues.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names

1

and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5. Plaintiff timely submitted a charge of discrimination with the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission (34B-2024-00821). The NERC assumed jurisdiction over Plaintiff's charge and notice of the charge was served upon the Defendant per statutory requirements.

6. Plaintiff received a right to sue letter served on or about August 8, 2024 from the Equal Employment Opportunity Commission.

7. Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendant operates in Nevada; and jurisdiction is predicated upon a federal cause of action under the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964, as well as the Americans with Disabilities Act.

8. Plaintiff, a 61 year old female, was hired by the Defendant in October, 2003, and was wrongfully terminated on September 11, 2023.

9. As of her termination, Plaintiff was previously employed with the Defendant's Parks and Recreation Division as an administrative support assistant.

10. On or about 2022, Plaintiff filed a federal civil rights based lawsuit against the Defendant in the United States District Court, District of Nevada under case number 2:22-cv-1751, said complaint based on alleged violation claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and the Age Discrimination in Employment Act.

11. The referenced lawsuit was premised on a previous EEOC charge of discrimination

2

filed by the Plaintiff against the Defendant under EEOC number 34B-2022-00595.

12. The Plaintiff's lawsuit, 2:22-cv-1751, constitutes a federally protected activity as it sought to address alleged discrimination based claims against the Defendant for alleged federal law violations.

13. On or about September, 2023, Defendant willfully, intentionally and deliberately engaged in retaliatory conduct against the Plaintiff as a direct and proximate result of her protected activity conduct by wrongfully terminating the Plaintiff.

14. The Defendant's retaliatory termination of the Plaintiff during the pendency of her noted federal lawsuit was causally and temporally elated to that protected activity.

15. Defendant had no justification, excuse, legal or factual, to terminate the Plaintiff's employment while she was engaging in a federally protected activity.

16. The Defendant's conduct in wrongfully terminating the Plaintiff's employment in September, 2023, was a malicious act designed to punish, deter and impose a chilling effect against the Plaintiff for exercising her federally protected rights to challenge the Defendant's conduct with court action in case number 2:22-cv-1751.

17. Defendant's wrongful and retaliatory termination of the Plaintiff caused harm and damages in an amount according to proof at trial.

## FIRST CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; THE AMERICANS WITH DISABILITIES ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT

18. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff, a 61 year old female, was subjected to the retaliatory discharge from her employment with the Defendant on or about September, 2023, said conduct in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and Nevada state law.

20. On or about 2022, Plaintiff filed a federal civil rights based lawsuit against the

3

Defendant in the United States District Court, District of Nevada under case number 2:22-cv-1751, said complaint based on alleged violation claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and the Age Discrimination in Employment Act.

21. The referenced lawsuit was premised on a previous EEOC charge of discrimination filed by the Plaintiff against the Defendant under EEOC number 34B-2022-00595.

22. The Plaintiff's lawsuit, 2:22-cv-1751, constitutes a federally protected activity as it sought to address alleged discrimination based claims against the Defendant for alleged federal law violations.

23. On or about September, 2023, Defendant willfully, intentionally and deliberately engaged in retaliatory conduct against the Plaintiff as a direct and proximate result of her protected activity conduct by wrongfully terminating the Plaintiff.

24. The Defendant's retaliatory termination of the Plaintiff during the pendency of her noted federal lawsuit was causally and temporally elated to that protected activity.

25. Defendant had no justification, excuse, legal or factual, to terminate the Plaintiff's employment while she was engaging in a federally protected activity.

26. The Defendant's conduct in wrongfully terminating the Plaintiff's employment in September, 2023, was a malicious act designed to punish, deter and impose a chilling effect against the Plaintiff for exercising her federally protected rights to challenge the Defendant's conduct with court action in case number 2:22-cv-1751.

27. As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial.

Furthermore, to the extent that the Defendant's conduct was malicious and oppressive in form, Plaintiff seeks an award of punitive damages in an amount sufficient to punish and deter the Defendant to be determined according to proof at trial.

4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2. For punitive and exemplary damages according to proof at trial.

3. For reasonable attorney's fees incurred herein.

4. For costs of suit and prejudgment interest.

5. For such other and further relief deemed appropriate by this Court.

Dated this 9th day of August, 2024.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## JURY TRIAL DEMAND

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 9th day of August, 2024.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff